UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JERMAINE JOYNER,

                                  Plaintiff,

    -against-

CITY OF NEW YORK, JOSEPH FRANCO, Individually, CHRISTOPHER J. MULLER, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants,

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

-------------------------------------------------------------------------------X

Plaintiff JERMAINE JOYNER, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### **VENUE**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JERMAINE JOYNER is a thirty-nine-year-old Black man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants JOSEPH FRANCO, CHRISTOPHER J. MULLER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. This action arises from the malicious prosecution and unjust conviction of plaintiff JERMAINE JOYNER based on false allegations of now fired disgraced former NYPD narcotics detective JOSEPH FRANCO, and NYPD detective defendant CHRISTOPHER J. MULLER.

13. A New York County grand jury indicted former detective FRANCO in 2019 on twenty-six criminal counts, including perjury and official misconduct, after the Manhattan District Attorney's office initiated criminal charges against FRANCO based on the discovery of video footage which confirmed that defendant FRANCO had testified falsely to witnessing drug transactions, which had led to several false arrests and prosecutions.

14. Subsequently, in May of 2020, defendant FRANCO was fired from the NYPD following an NYPD disciplinary trial, at which an administrative judge who oversaw the trial found that Franco had testified falsely under oath and recommended his termination.

15. In response to the revelations regarding defendant FRANCO's criminality and serial perjury, District Attorney's Offices in Manhattan, Brooklyn, and the Bronx, vacated hundreds of convictions which had been based on the unreliable testimony of defendant FRANCO.

16. One of the many victims of FRANCO's perjury and false testimony was plaintiff, JERMAINE JOYNER.

17. Plaintiff was arrested based on false claims of FRANCO that on January 8, 2008,

in front of 12 St. Mark's Place, Brooklyn, New York, he had participated in an exchange of drugs for money with defendant FRANCO, who was working undercover at the time.

18. Defendant MULLER was also present, and allegedly also made observations of a purported drug sale during the ensuing arrest of plaintiff.

19. Defendants FRANCO and MULLER's allegations were false.

20. Plaintiff was arrested by defendant MULLER and prosecuted based on the false claims of MULLER and FRANCO, which were conveyed to the Kings County District Attorney's Office by MULLER and FRANCO, and which caused plaintiff to be prosecuted and indicted under Indictment No. 550/2008.

21. Defendants MULLER and FRANCO initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause.

22. Defendants MULLER and FRANCO created and manufactured the false evidence which was used against plaintiff in the aforementioned legal proceedings, including that plaintiff had engaged in a drug sale involving FRANCO on January 8, 2008, and had been observed by MULLER engaging in a second sale on that date.

23. As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions, until on September 19, 2008, out of fear of a possible lengthier sentence if he fought his case through trial, plaintiff took a plea to serve one year in jail with one year of post release supervision.

24. Thereafter, on April 7, 2021, after plaintiff had served his sentence and FRANCO's misdeeds had been discovered, the Kings County District Attorney's Office moved to vacate plaintiff's unjust conviction, and the indictment and conviction lodged against plaintiff

were dismissed and sealed on that date by the Honorable Matthew J. D'Emic, in Kings County Supreme Court.

25.     Defendants MULLER, FRANCO, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

26.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of employing individuals who were unqualified for their jobs and who engaged in falsification, and of lax investigations of police misconduct, and of covering up abuse by fellow officers.

27.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification.

28.     For instance, in another civil rights action filed in this court involving false allegations regarding narcotics arrests by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New*

5

*York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

29. Defendant CITY OF NEW YORK is further aware that such improper training and supervision has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31. All of the aforementioned acts of defendants, their agents, servants, and employees were conducted under the color of state law.

32. All of the aforementioned acts deprived plaintiff JERMAINE JOYNER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were conducted by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

6

35. As a result of the foregoing, plaintiff JERMAINE JOYNER sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants created false evidence against plaintiff JERMAINE JOYNER.

38. Defendants utilized this false evidence against plaintiff JERMAINE JOYNER in legal proceedings.

39. As a result of defendants' creation and use of false evidence, plaintiff JERMAINE JOYNER suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and was deprived of his liberty.

40. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants initiated, commenced, and continued a malicious prosecution against

plaintiff JERMAINE JOYNER.

43. Defendants caused plaintiff JERMAINE JOYNER to be prosecuted without any probable cause until the charges were dismissed on or about April 7, 2021.

44. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff JERMAINE JOYNER, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff JERMAINE JOYNER was maliciously prosecuted, denied his right to fair trial, compelled to appear in criminal court, and his liberty was restricted for an extended period of time.

49. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JERMAINE JOYNER' rights as described herein. In addition, the New

York City Police Department was aware that many officers engage in falsification in support of improper arrests. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff JERMAINE JOYNER.

57. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JERMAINE JOYNER as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JERMAINE JOYNER as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JERMAINE JOYNER was maliciously prosecuted and denied his right to a fair trial.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JERMAINE JOYNER' constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff JERMAINE JOYNER of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from the failure to intervene;

    C.    To receive his right to fair trial; and

    D.    To be free from malicious prosecution.

62. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## **Supplemental State Law Claims**

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

65. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

66. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

67. Plaintiff has complied with all conditions precedent to maintaining the instant

11

action.

68. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff JERMAINE JOYNER.

71. Defendant officers caused plaintiff JERMAINE JOYNER to be prosecuted without probable cause until the unjust conviction and indictment were dismissed on or about April 7, 2021.

72. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

73. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Upon information and belief, defendant CITY OF NEW YORK failed to use

12

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JERMAINE JOYNER.

76. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

77. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff JERMAINE JOYNER.

80. As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

83.     Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

84.     As a result of the foregoing, plaintiff JERMAINE JOYNER is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff JERMAINE JOYNER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
July 6, 2022

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff JERMAINE JOYNER
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
> BRETT H. KLEIN (BK4744)

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JERMAINE JOYNER,

                                                              Plaintiff,                              Docket No.

      -against-

CITY OF NEW YORK, JOSEPH FRANCO, Individually,
CHRISTOPHER J. MULLER, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

                                                  Defendants.

---------------------------------------------------------------------------------X


## COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132